UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| PPM/BAUR LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4: 17 CV 589 RWS |
| | ) | |
| AFFILIATED INS. CO., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Plaintiff is defendant's insured and claims hail damage to roofs on several of its buildings following an April 2016 hail storm. Defendant agreed that the hail damage was a covered loss under the policy and offered to repair the roofs. Plaintiff wanted new roofs. The parties agreed to submit to an appraisal as to the amount of loss in accordance with the terms of the insurance contract, but during the middle of the appraisal process plaintiff filed a lawsuit in state court alleging breach of contract, vexatious refusal to pay, and to compel appraisal as to the amount of loss. Defendant removed the case to this court alleging diversity jurisdiction. Because the parties agreed to complete the ongoing appraisal process, I stayed the case at their joint request.

At the conclusion of the appraisal process, the umpire issued a decision finding that the amount of loss from the April 2016 hail storm was $0.00. Plaintiff then amended its complaint seeking a declaration that the appraisal award is void and unenforceable and to compel a new appraisal and alleging a breach of contract and vexatious refusal to pay. Defendant moves to confirm the appraisal award and dismiss plaintiff's complaint, arguing that the appraisal is a final and binding decision as to the amount of loss. The parties agree that the umpire could not determine coverage issues and was only empowered to determine the amount of loss. Plaintiff

argues that the finding of $0.00 was really an impermissible coverage determination and it seeks to void the appraisal award for this reason, as well as alleged improprieties within the appraisal process.

Having reviewed plaintiff's amended complaint in light of the relevant standards,[1] the motion to confirm and dismiss must be denied at this time. Whether plaintiff will ultimately recover on its claims is not properly before me at this time, but it is entitled to conduct discovery and present evidence in support of its claims. Although defendant may ultimately be entitled to judgment confirming the appraisal award and dismissing plaintiff's claims, this determination cannot be made at this time and at this stage of the proceedings. Therefore, this case will be set for a scheduling conference by separate Order. That Order will require the parties to meet and confer about a discovery schedule for this case and to submit proposed deadlines, including one for mediation. The Court expects the parties to engage in serious, meaningful discussions about the propriety and timing of mediation in this case. Early mediation could prove successful here, and the Court would consider an appropriate stay of the action in lieu of a scheduling conference if the parties wish to engage in early mediation.

Accordingly,

**IT IS HEREBY ORDERED** that the motion to compel appraisal [24] is denied as moot.

---

[1] The purpose of a motion to dismiss under Federal Rule of Civil Procedure 16(b)(6) is to test the legal sufficiency of the complaint. When considering a 12(b)(6) motion, the court assumes the factual allegations of a complaint are true and construes them in favor of the plaintiff. *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989). To survive dismissal, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The issue in considering such a motion is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of the claim. *Neitzke*, 490 U.S. at 327.

**IT IS FURTHER ORDERED** that the motion to confirm arbitration award and dismiss [34] is denied without prejudice to defendant's right to re-raise these arguments at a later time.

**IT IS FURTHER ORDERED** that the Court will set this case for a Rule 16 conference by separate Order of this Court.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 11th day of July, 2017.